IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILLIAM FAIRCLOTH (#1262251), | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-1988-B-BN |
| TERI LAWSON, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Christopher William Faircloth, a Missouri prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, requesting that the Court vacate his 2004 Dallas County convictions that resulted in the requirement that he register as a sex offender. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. For the reasons explained below, the habeas application – whether brought under Section 2241 or under 28 U.S.C. § 2254 – should be dismissed under Rule 4 of the Rules Governing Section 2254 Cases.

As applicable here, a federal court lacks subject matter jurisdiction to entertain a habeas petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be

physically confined to be "in custody" for the purposes of habeas relief. But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Faircloth states that in December 2004 he pled guilty to possession of child pornography and was sentenced to five years deferred adjudication probation. *See* Dkt. No. 3 at 3, 5-6. He further alleges that he successfully completed probation in December 2009. *See id.* at 5. He is therefore not "in custody" under the Dallas County convictions that resulted in the requirement that he register as a sex offender. And the registration requirement is not itself enough to give the Court jurisdiction over his habeas application. *See Puckett v. Powers*, Civ. A. No. 10-1066, 2011 WL 794898, at *1 (E.D. La. Jan. 27, 2011) ("It is well-established that federal courts may entertain habeas corpus petitions only from persons 'in custody.' 28 U.S.C. §§ 2241(c) and 2254(a). It is likewise well-established that a requirement that one register as a sex offender 'does not render a person 'in custody' for habeas corpus purposes.'" (collecting cases)), *rec. adopted*, 2011 WL 794861 (E.D. La. Feb. 28, 2011); *see, e.g., Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (per curiam) ("To the extent that Johnson sought to challenge his 1976 convictions and those sentences were discharged, the

district court lacked jurisdiction to consider the § 2254 application because Johnson was not 'in custody' for purposes of § 2254. The fact that Johnson is required to register as a sex offender as a result of his 1976 convictions does not mean that he is 'in custody' within the meaning of § 2254." (citations omitted)); *cf. Barrientos v. Dallas Cnty. Dist. Attorney's Office*, No. 3:12-cv-4753-O-BN, 2013 WL 1499382, at *2 (N.D. Tex. Jan. 18, 2013) ("Although Petitioner's present confinement for failure to register as a sex offender would not have been possible without the underlying indecency convictions, that fact is insufficient to provide subject matter jurisdiction over his challenge to the 2006 convictions." (citing *Tello v. Thaler*, No. 3:12-cv-3716-L-BH, 2012 WL 4932172, at *1-*2 (N.D. Tex. Sept. 14, 2012), *rec. adopted*, 2012 WL 4930085 (N.D. Tex. Oct. 17, 2012))), *rec. adopted*, 2013 WL 1501623 (N.D. Tex. Apr. 12, 2013).

In fact, the proper vehicle to challenge the registration requirement is not a habeas petition but a civil rights complaint. *See, e.g., Gipson v. Tex. Bd. of Pardons & Paroles*, No. 3:04-cv-316-D, 2004 WL 594506, at *1 (N.D. Tex. Mar. 16, 2004) ("Plaintiff Earnie Gipson filed a *pro se* [application for writ of habeas corpus under 28 U.S.C. § 2254] challenging his classification as a sex offender and a special condition of his mandatory supervised release that requires him to participate in a sex offender treatment program. ... Upon more careful review of this pleading, it appears that plaintiff is challenging the conditions of his mandatory supervision, not the fact or duration of his confinement. The proper vehicle for raising such a claim is a civil rights action under 42 U.S.C. § 1983, not a habeas corpus proceeding under 28 U.S.C. § 2254." (citations omitted)).

Regardless, under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.* This rules applies equally to cases brought under Section 2241, as the rules governing Section 2254 proceedings generally apply to proceedings under Section 2241. *See* RULE 1(b), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

> [And t]his rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

And where a petitioner is not "in custody" under the conviction and sentence he seeks to collaterally attack, the Court possesses the authority under Rule 4 to summarily dismiss the habeas application for lack of subject matter jurisdiction. *See, e.g., Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *2-*3 (N.D. Tex. Aug. 29, 2016) (citing *Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D. Pa. May 31, 2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010)), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

**Recommendation**

The Court should dismiss Petitioner Christopher William Faircloth's habeas

application for lack of subject matter jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE